NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 5:08-CV-440-KKC

PHILIP LEE DALE, SR.                                                                                   PLAINTIFF

VS:                          **MEMORANDUM OPINON AND ORDER**

PARIS POLICE DEPARTMENT, et al                                                         DEFENDANTS

\*\*\*\*   \*\*\*\*   \*\*\*\*

Philip Lee Dale, Sr., an individual currently incarcerated in the Federal Correctional Institution ("FCI")-Ashland, Kentucky, has submitted a prisoner *pro se* civil rights Complaint and has been granted permission to proceed *in forma pauperis*.

The Complaint is now before the Court for initial screening. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

In the Court's screening of a *pro se* pleading, the document is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in a Complaint are taken as true and liberally construed in the litigant's favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

## CLAIMS

Plaintiff claims that the defendants violated his rights under the U.S. Constitution's Fourth, Fifth, and Fourteenth Amendments; State training was so inadequate that officers believed they could

"bend the rules to set up an individual;" he was denied his Sixth Amendment right to effective assistance of counsel; and he was the victim of a malicious prosecution, which the Court construes as a state tort claim.

## DEFENDANTS

As the Defendants, the Plaintiff has named the following: the Paris, Kentucky Police Department; Chris Livingood, a Paris Police Department narcotics detective; Brett Kirkland, a Kentucky State Police ("KSP") detective; Melissa Jefferson, a friend of Dale's girlfriend and a witness for the prosecution against him; Thomas Lyons, Dale's attorney in Lexington, Kentucky; and Jay Hamilton, "United States District Attorney." Dale also claims that he intends to name as Defendants "other unnamed officers" whose identity will be known "upon receipt of official police records."

## RELIEF REQUESTED

Plaintiff seeks damages and injunctive relief.

## ALLEGATIONS

The following is a summary or construction of the allegations which Plaintiff has presented in a completed Complaint form and pages attached thereto. Record No. 2.

Plaintiff states that in 2004, there was a drug bust in Paris which included him, but all of the charges were later "dropped because there was no evidence." More recent complained-of events are alleged to have begun in Paris in August of 2007, when ATF agents observed what appeared to be a drug transaction in the street in front of Plaintiff's home. He claims that neither he nor his car were there at the time, as they were at his place of business. However, Defendant Melissa Jefferson was visiting his girlfriend at his house at the time, was observed by the ATF when she left the house, and had the opportunity to plant 34 grams of crack in his house while there.

2

At some point a Kentucky State Police detective purportedly told Plaintiff that he had been "set up by the Paris Police, namely a Detective Chris Livingood," that Livingood was under investigation for possible involvement in drug trafficking and prostitution, and that Ms Jefferson was being investigated as a conspirator with Livingood. KSP Detective Kirkland is alleged to have told Plaintiff not only that he had been set up, but also that Jefferson had participated in the August of 2007 drug transaction observed by the ATF.

Dale alleges that before his subsequent arrest he had an altercation with Livingood wherein the detective threatened to "get me before I got him." Additionally, the Plaintiff makes allegations that the Paris Police Department hassled him as to where he parked in Paris and investigated into his business, "Dirty South Fashions," but no wrongdoing was found. Further, he claims that after his release from jail, the room into which he next moved was searched without finding drugs, the searching officer informing him that Livingood had advised the officer "to stay after me."

According to Plaintiff, sometime in April - June of 2008, he was questioned, indicted, and arraigned. The docket of this court reveals that Dale was indicted on April 3, 2008, on a charge of possession with intent to distribute cocaine base, to which he pled not guilty. In that proceeding, *United States v. Philip L. Dale*, Lex. No. 08-CR-089-JBC, he was represented by Defendant Thomas Lyons and the United States was represented by Assistant United States Attorney J. Hamilton Thompson, both counsel now being named Defendants herein.

The docket of proceedings also reveals that Dale changed his plea to guilty on July 9, 2008, and on October 2, 2008, he was sentenced to 28 months imprisonment and 4 years of supervised release. D.E. 34. The docket also shows that Defendant Lyons filed a Notice of Appeal on Plaintiff's behalf on October 10, 2008. In the instant Complaint, filed on October 28, 2008, Dale alleges that his attorney

3

withdrew in October "because he said that he knew that I would be calling him as a witness to the statements that were made by Kirkland." The criminal record also contains several post-judgment motions which Plaintiff filed, *pro se*, and the last entry, dated November 5, 2008, is the appointment of another attorney to represent Plaintiff at the appellate level.

In this action, Plaintiff Dale seeks damages, including punitive damages, and injunctive relief in the form of an investigation.

## DISCUSSION

To the extent that Plaintiff seeks an investigation and the filing of charges against the people he names as wrong-doers individually, he is advised that the authority to initiate criminal complaints rests exclusively with state and federal prosecutors. *Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986). *See S. v. D.*, 410 U.S. 614 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985) (the Court of Appeals affirming the District Court's grant of summary judgment and explaining that it could "find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim . . . ."). Therefore, the demand for this form of injunctive relief must be dismissed from this lawsuit.

To the extent that Plaintiff seeks damages, certain of his Defendants are entitled to immunity under federal law. A prosecutor is absolutely immune from liability for damages based upon his decisions regarding the initiation of a prosecution. *See Meade v. Grubbs*, 841 F.2d 1512, 1532 (10th Cir. 1988); *Fields v. Soloff*, 920 F.2d 1114, 1119 (2d Cir. 1990). Prosecutors will be protected from all decisions regarding prosecution except those "deliberately based upon an unjustifiable standard such as race, religion or other arbitrary classification," an allegation not present herein. *Wayte v. United*

4

*States*, 470 U.S. 598, 608 (1985). Consistent with federal law, the federal prosecutor in Dale's criminal proceeding, Assistant United States Attorney Thompson, is entitled to dismissal as a Defendant.

As a further protection for the integrity of judicial proceedings, absolute immunity from § 1983 liability is also applicable to government witnesses. *Briscoe v. LaHue*, 460 U.S. 325, 335 (1983). In *Briscoe*, the High Court held that witnesses in judicial proceedings are absolutely immune from any civil liability under 42 U.S.C. § 1983 based on their testimony, even if they knowingly gave perjured testimony. *Id*. The Court also held that those hurt by such an action could seek redress in state court, in a civil and/or criminal action. Accordingly, the instant Plaintiff cannot proceed to collect damages from Defendant Jefferson in this Court. *See also Kurzawa v. Mueller*, 732 F.2d 1456, 1458 (6th Cir. 1984).

The Court now screens the Complaint to see whether Plaintiff has stated cognizable claims against the remaining Defendants. To establish a right to relief under 28 U.S.C. § 1983, a plaintiff must plead and prove two essential elements. He must show that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

Because of these Section 1983 requisites, Plaintiff's lawyer, Defendant Thomas Lyons, is entitled to dismissal from this lawsuit. He was not a state actor acting on behalf of the state, but was at all times a private attorney acting on behalf of the Plaintiff. It was the Supreme Court which decided that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk County v. Dodson,* 454 U.S. 312, 318 (1981).

In *Hahn v. Star Bank*, 190 F.3d 708 (6th Cir.1999), the Sixth Circuit "put this circuit on record as holding that a private attorney issuing a subpoena does not become a state actor for the purposes of § 1983." *Id.*, at 717 (adopting the reasoning of *Barnard v. Young,* 720 F.2d 1188 (10th Cir.1983)); *see also Smith v. Hilltop Basic Resources, Inc.*, 99 Fed.Appx. 644, 646 (6th Cir. 2004) (affirming dismissal of a complaint against attorneys in the United States District Court for the Eastern District of Kentucky). Consistent with the foregoing law, Dale's attorney must be dismissed as a Defendant herein.

The remaining Defendants are also entitled to dismissal, as another Supreme Court case controls. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87.

In the case *sub judice*, Plaintiff Dale clearly asserts that his underlying conviction is illegal, and it is obvious that his conviction, now only months old, has not been invalidated on appeal or collateral review. Further, this Court finds that a decision in his favor in a civil action on the federal claims herein would clearly imply the illegality of his conviction. Therefore, the Court concludes that dismissal of the Plaintiff's claims for damages is required.

This result is consistent with the post-*Heck* decision in *Schilling v. White*, 58 F.3d 1081 (6th

Cir. 1995), where the United States Court of Appeals for the Sixth Circuit addressed the issue of a §1983 action seeking damages for an illegal search of the plaintiff's car which resulted in Plaintiff's being charged with driving under the influence of drugs. The district court had declared it would dismiss without prejudice unless "plaintiff amends the complaint to allege that he suffered no criminal conviction as the result of the alleged illegal...search and seizure or that such conviction has been set aside...." *Id.* at 1083.

In *Schilling*, as herein, there had not yet been any judicial determination of the legality of the search issue. When the plaintiff responded by admitting that he had pled guilty and that he had been unable to overturn the conviction on appeal, the district court dismissed his suit, reasoning that it "must be dismissed without prejudice until such time as [plaintiff's] conviction is set aside." *Id.* The Sixth Circuit ultimately decided that the *Heck* case had had a serious impact on Section 1983 proceedings: "In *Heck v. Humphrey*, the Supreme Court altered a federal court's ability to hear a 42 U.S.C. §1983 lawsuit arising from a person's conviction or confinement." *Id.*, at 1085.

Further, pointing to a footnote in *Heck* at n.7, the Court held that any exception for the Fourth Amendment which was suggested in its previous cases *Hadley v. Werner*, 753 F.2d 514 (6th Cir. 1985), and *Feaster v. Miksch*, 846 F.2d 21 (6th Cir. 1988), is no longer good law and all §1983 actions in which a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction, imprisonment or sentence, plaintiff must show that his state conviction has been rendered invalid or his §1983 action should be dismissed.

If a plaintiff is later able to have his conviction overturned or expunged, as delineated in *Heck*, then he may again bring the cause of action, the Sixth Circuit noting that the claim for relief does not exist until the conviction is set aside; therefore, the statute of limitations does not begin to

run until that time. *Id.* at n.5. Accordingly, the instant Complaint, alleging a § 1983 cause of action for Constitutional violations leading to Dale's conviction lacks an essential element, and it will be dismissed at this time, the dismissal to be without prejudice to his bringing such claims again upon invalidation of the conviction obtained against him.

The remaining claims against the named Defendants are not founded on the U.S. Constitution or other federal law. To the extent that Plaintiff urges a malicious prosecution claim or other state tort, the law is well settled that a violation of state law will not establish a proper claim pursuant to 42 U.S.C. § 1983. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995) (citing *Conley v. Williams*, 28 F.3d 1213 (6th Cir. 1994) (unpublished)).

In short, the violation of state law is not a constitutional violation for purposes of Section 1983. *White v. Gerbitz*, 892 F.2d 457, 459 (6th Cir. 1989) (citing *See, e.g., Clark v. Link*, 855 F.2d 156 (4th Cir. 1988) (mere violation of state law does not necessarily give rise to § 1983 claim)). 42 U.S.C. § 1983 is not an avenue for redress of tort claims against the government or public officials. *See Mertik v. Blalock*, 983 F.2d 1353, 1362 (6th Cir. 1993). Facts giving rise to state law tort claims do not necessarily give rise to constitutional torts under Section 1983. *Gazette v. City of Pontiac*, 41 F.3d 1061, 1067 (6th Cir. 1994).

It is true that the federal district courts have discretion as to whether to entertain pendent jurisdiction over state claims which are filed in connection with and arising out of the same facts as § 1983 actions. *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004 (6th Cir. 1987). However, when the federal claims against the defendants are dismissed, then the pendent state claims should be dismissed as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Gregory v. Hunt*, 24 F.3d 781 (6th Cir. 1994); *see also Brandenburg v. Hous. Auth. of Irvine,* 253 F .3d 891,

900 (6th Cir.2001); and 28 U.S.C. § 1367(c)(3) (outlining the circumstances in which a district court can decline to exercise supplemental jurisdiction).

Such is exactly the current circumstance in this case. Because Plaintiff's federal claims will be dismissed for the reasons stated herein, the Court will decline jurisdiction over the state claims. Therefore, to the extent that Plaintiff has presented state law claims herein, about which the Court offers no opinion, these state claims will be dismissed, this dismissal also to be without prejudice to Plaintiff's timely bringing any of these claims elsewhere at a later time.

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) This action will be **DISMISSED WITHOUT PREJUDICE**, *sua sponte*; and

(2) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

Dated this 12th day of November, 2008.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge